UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE NEIL FLOOD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:14-cv-431-JHR |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

MEMORANDUM DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge failed to specify, as part of her residual functional capacity ("RFC") determination, whether needed breaks from standing or walking should be taken away from the workstation and improperly evaluated "drug seeking behavior" in assessing his credibility. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 14) at 5-8. I find no error and, accordingly, affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 10, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 12.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of degenerative disc disease of the cervical spine status-post surgery and degenerative disc disease of the lumbar spine, Finding 2, Record at 13; that he retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) and was able to lift and carry 10 pounds frequently and 20 pounds occasionally, sit for six hours in an eight-hour day with an ability to change position at will, and stand and walk for at least two hours and up to a maximum of four hours per day, but only in 30-minute intervals before requiring a five- to 10-minute change of position, was unable to climb ladders, ropes, or scaffolds, should avoid hazardous machinery, and could climb ramps and stairs, balance, stoop, crouch, and crawl occasionally, Finding 4, *id*. at 14; that, considering his age (45 years old, defined as a younger individual, on the date his application was filed, October 26, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id*. at 18; and that he, therefore, had not been disabled from October 26, 2010, the date his application was filed, Finding 10, *id*. at 19, to the date of the decision, June 25, 2013, *id.* at 20. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to

support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. RFC Determination

The plaintiff first complains that the administrative law judge failed to specify the nature of position changes that she found he required after standing or walking for 30 minutes.  *See* Statement of Errors at 5-7.  He asserts that the error was not harmless because, at his hearing, the vocational expert testified that there were jobs available for a person requiring a position change from standing or walking "of 5 to 10 minutes with sitting[,]" but no available jobs if "the necessary position for five to ten minutes that the person would have to assume is going to be lying down for relief of pain such that basically they're going to have to be removed from the workstation for that period."  *Id*. at 6-7 (quoting Record at 59, 61).

I find no error.  First, as the commissioner notes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 15) at 5, the plaintiff cites no authority for the proposition that an administrative law judge must specify the type of break a claimant requires.  Instead, he cites authority for the proposition that an administrative law judge must specify the frequency of a need to alternate sitting/standing.  *See* Statement of Errors at 6.

3

In this case, the administrative law judge did so.  In any event, as the commissioner argues, *see* Opposition at 5, that duty arises only with respect to claimants capable of performing a range of sedentary work, not light work, as was found in this case, *see, e.g., Levesque v. Astrue*, Civil No. 09-331-B-W, 2010 WL 2076013, at *3-*4 (D. Me. May 20, 2010) (rec. dec., *aff'd* June 18, 2010).

Second, the plaintiff fails to demonstrate that the administrative law judge erred in not specifying that he would have to lie down or leave his workstation during breaks.  As counsel for the commissioner noted at oral argument, the administrative law judge implicitly rejected any such need.  She gave great weight to the testimony of William Hall, M.D., the impartial medical expert who testified at hearing.  *See* Record at 16.  However, as the plaintiff acknowledges, Dr. Hall did not specify that the plaintiff needed to lie down or leave his workstation during breaks.  *See* Statement of Errors at 6.  To the contrary, Dr. Hall indicated that, "after five to ten minutes of sitting, [the plaintiff] would be able to resume standing and walking within the two to four hour total of a whole day[.]"  Record at 56.  He added that the plaintiff also needed to be able to change position while sitting, stating: "He must be able to *change position in place* at will to . . . either prevent or . . . interrupt low back pain."  *Id.* (emphasis added).  Finally, in response to the administrative law judge's query, "When standing or walking, he can't stand or walk for more than 4 hours in a day and no more than 30 minutes at one time before he requires 5 to 10 minutes of sitting?" Dr. Hall stated:  "That's correct, or . . . a change in position[.]"  *Id*. at 57.

At oral argument, the plaintiff's counsel contended that the testimony quoted from page 57 introduced ambiguity as to the nature of the position change required.  However, Dr. Hall's testimony as a whole simply cannot be read to indicate that the plaintiff had any need to lie down.  As counsel for the commissioner rejoined, the only affirmative evidence that the plaintiff

4

needed to lie down was his own testimony, *see id*. at 44, which the administrative law judge found not entirely credible, *see id*. at 14-15.  The plaintiff's separate challenge to that credibility finding falls flat, for the reasons discussed below.

The plaintiff, accordingly, fails to demonstrate any error in the omission to specify the manner in which he needed to take breaks.

### B.  Credibility Finding

The plaintiff also argues, *see* Statement of Errors at 7-8, that the administrative law judge erred in concluding that evidence suggestive of "a history of drug seeking behavior, and/or diversion" tended to undermine the credibility of his allegations, Record at 17.

He reasons that, because drug addiction or alcoholism ("DAA") is not material unless a claimant is found disabled, it was error to discount his credibility on this basis prior to making any determination that he was disabled.  *See* Statement of Errors at 7-8 (citing, *inter alia*, 20 C.F.R. § 416.1535(a)).  He asserts that the error is not harmless because the remainder of the credibility determination rests largely on his reported activities in September 2007, April 2008, July 2008, and July 2010, using Function Reports submitted in connection with a prior claim.  *See id*. at 8.

As the commissioner rejoins, *see* Opposition at 7, the authority on which the plaintiff relies is inapposite. It pertains to the question of whether, with respect to a claimant who is found disabled, any "drug addiction or alcoholism is a contributing factor material to the determination of disability[,]" disqualifying the claimant from eligibility for benefits.  20 C.F.R. § 416.935.  Drug seeking and/or diversion is a different matter.  Such conduct may bear on a claimant's truthfulness, and an administrative law judge commits no error in drawing a negative credibility inference as a result of it.  *See, e.g., Evans v. Colvin*, No. 2:12-CV-235-JAW, 2013 WL 2145637,

5

at *9 (D. Me. Apr. 26, 2013) (rec. dec., *aff'd* May 15, 2013) ("[T]he plaintiff asserts in conclusory fashion that displaying drug seeking behavior, in a person with a history of polysubstance abuse, is not *per se* a basis to discredit that person's credibility, especially where, as here, there is no drug or alcohol abuse issue. Social Security case law is to the contrary.") (citations and internal punctuation omitted).[2]

At oral argument, the plaintiff's counsel sought to distinguish *Evans* on the basis that, whereas the claimant in *Evans* sought Social Security Disability ("SSD") as well as SSI benefits, his client sought only SSI benefits, rendering evidence from his prior claim, which included all drug-seeking evidence, irrelevant. *See, e.g.*, 20 C.F.R. § 416.501 (For purposes of SSI, "[p]ayment of benefits may not be made for any period that precedes the first month following the date on which an application is filed[.]").

His argument is unpersuasive. First, the *Evans* court neither limited its holding to SSI cases nor examined the staleness *vel non* of any drug-seeking evidence. Second, the plaintiff cites no authority for the proposition that it is error for an administrative law judge to review and rely on all available evidence in a case file, even for purposes of an SSI claim. Third, as counsel for the commissioner noted at oral argument, the plaintiff himself alleged in connection with his current application that he had been disabled since September 1, 2006, *see* Record at 10, seemingly placing the older materials at issue even though, if found disabled, he would have

---

[2] At oral argument, the plaintiff's counsel elaborated that, by focusing on his client's alleged drug seeking, the administrative law judge effectuated an "end run" around the DAA materiality rules, effectively examining the impact of drug and alcohol abuse at the wrong stage of the sequential evaluation process through a purported credibility determination that proved outcome-determinative. Yet, as counsel for the commissioner rejoined, the inquiries are distinguishable both as a factual and a legal matter. Drug *seeking* is not the same conduct as drug *use,* and the examination of credibility implicates a claimant's motivation and truthfulness, not whether he would remain functionally disabled if he ceased actively using drugs and/or alcohol. In addition, as counsel for the commissioner argued, credibility necessarily is considered in determining whether a claimant is disabled; an adjudicator does not make a disability determination and then weigh credibility after the fact.

been ineligible to receive benefits for any period predating the first month following the date on which his application was filed (October 26, 2010), *see id.*; 20 C.F.R. § 416.501.

In any event, as the commissioner points out, *see* Opposition at 6, the administrative law judge cited other factors besides the plaintiff's reported activities. She noted, for example, that objective findings did not document decreased strength, gait abnormalities, or sensory loss, that the plaintiff received only conservative care in the form of physical therapy and medication management, and that he was discharged from physical therapy for failure to show up for scheduled appointments. *See* Record at 15-16. These observations were based on the longitudinal evidence of record. *See, e.g., id*. at 15 ("No medical records dated after November, 2011, have been submitted into evidence, and as of that time, the [plaintiff] was being prescribed only Tramadol for his pain complaints.") (citation omitted).

Thus, even if the plaintiff had succeeded in showing that the administrative law judge erred in taking into account evidence in his file that was submitted in connection with earlier applications, the administrative law judge's credibility determination would pass muster. *See, e.g.*, *Voisine v. Colvin*, No. 2:13-cv-00412-JAW, 2014 WL 5323415, at *5 (D. Me. Oct. 17, 2014) ("[E]ven assuming *arguendo* that some of the bases provided by the administrative law judge for his credibility determination are unsupported by the record, he articulates a number of bases that are. This suffices to survive the applicable deferential standard of review.").

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 28th day of June, 2015.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge